13133

PHILLIPS *ET AL.* v. SARRATT *ET AL.*

(158 S. E., 497)

October, 1929.

*Messrs. T. K. Vassy* and *H. B. Hare,* for appellants,

*Messrs. T. B. Butler* and *W. S. Hall,* for respondents,

May 4, 1931.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action, commenced in the Court of Common Pleas for Cherokee County, January 26, 1928, is an action for the foreclosure of a real estate mortgage, covering lands of the defendants located in the said county. The transcript does not disclose what defenses were set up in the answer

of the defendants. In fact, we find no statement in the record that an answer was filed, but we assume that answer was filed, since it was stated in the record that, by consent of counsel, all issues were referred to G. W. Speer, Esq., as special referee, who held references, and made his report, stating his finding of fact, and recommending the foreclosure of the mortgage and the sale of the mortgaged premises. Upon exceptions to the Master's report, the matter was heard before his Honor, Judge T. S. Sease, who affirmed the Master's report and ordered the lands sold. From the decree of Judge Sease, the defendants have appealed to this Court. Counsel for the appellants in their brief state that the principal questions involved in the appeal are as follows: (1) tender; (2) breach of contract and damages; (3) admission of testimony.

As to the first two questions named, it would be sufficient answer to state that these issues were not raised by the pleadings. As stated above, the record does not disclose the nature of the answer filed or what issues were raised. But on account of the earnestness of counsel representing the appellants, and with a view of trying to do justice between the parties to the cause, we have examined the testimony adduced at the trial, the agreed statements set forth in the transcript, and the entire record of the case.

The contract involved, which is conceded by the parties to be in force and effect a mortgage, is not set out in full, but it appears from the transcript that, in addition to the provisions necessary to constitute a mortgage on the lands described in the paper, it contains the following special stipulations:

"It is further agreed that in the meanwhile the parties of the first part and the parties of the second part may in such manner as they agree upon, have any portion or portions of the said real property subdivided into lots, for the purpose of selling the same, and that in event of the sale of any one or more or all of the said lots, or portions of land, the net

proceeds of the same, after deducting reasonable and necessary costs incurred in surveying and dividing up said lands into lots, shall be paid to the parties of the first, as a part of the consideration of the conveyance herein agreed to be made.

"It is further agreed that in the event of the sale of any lot or portion of said real estate described herein, and upon application of the net proceeds to the payment of the consideration herein named, the parties of the first part will execute to the purchasers a deed or deeds, conveying the lots or portions in fee simple and the said lots or portions of land shall thereupon be excepted from the provisions of this agreement."

It is the contention of the appellants that, acting under the above-stated provisions of the contract, after certain of the property was by agreement subdivided into lots, they procured purchasers for the subdivisions at prices which would have paid the entire indebtedness and left for the defendants the balance of the property unincumbered; but that the plaintiffs not only refused to co-operate with the defendants in consummating the proposed sale, but refused to allow the property to be sold, giving as an excuse that the price offered was too low, notwithstanding the fact that the price offered was more than enough to pay off the entire indebtedness. Defendants further contend that, after plaintiffs refused to permit the subdivisions to be sold at the price offered, which was more than enough to settle the obligation, they tendered to the plaintiffs the said subdivisions of the property in settlement of the obligation, but that the plaintiffs refused to accept the same.

As to the position of the defendants, that they had an offer of purchase for the subdivisions at a price sufficient to pay the entire mortgage indebtedness, leaving for the defendants the balance of the property involved free from obligation, and that the plaintiffs refused to permit the sale to be made, the contention is not entirely without support in

the testimony, but we are unable to hold that the same was conclusively established by the testimony. The testimony on the part of the plaintiffs on this point is in contradiction to that on the part of the defendants, and in the face of this testimony this Court cannot say that the report of the special referee, confirmed by the Circuit Court, which sustained the position of the plaintiffs and in effect decided this question of fact adversely to the contention of the defendants, was wrong. There is, therefore, no basis for the right of tender contended for by the defendants, and no basis for damages.

As to the question raised by the exceptions charging error in the admission of testimony, we deem it sufficient to state that an examination of the records convinces us that the same cannot be sustained.

The exceptions are therefore overruled, and it is the judgment of this Court that the decree of his Honor, Judge Sease, be, and is hereby, affirmed, and the case remanded to the Circuit Court for the purpose of fixing a new date for the sale of the mortgaged premises, at such time as the Circuit Court may deem proper, following the plan ordered and directed in said decree of Judge Sease.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES COTHRAN and STABLER concur.